Mahadhi Corzano, Esq. (SBN: 254905)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x 255
Fax: 866-583-3695
mcorzano@consumerlawcenter.com
Attorneys for Plaintiff, DAWN RETZLAFF

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DAWN RETZLAFF,<br><br>Plaintiff,<br><br>vs.<br><br>OMNI CREDIT SERVICES OF FLORIDA, INC.,<br><br>Defendant. | Case No.: **SACV 11-01291 JVS (ANx)**<br><br>**COMPLAINT**<br><br>**(Unlawful Debt Collection Practices)** |

## VERIFIED COMPLAINT

DAWN RETZLAFF (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against OMNI CREDIT SERVICES OF FLORIDA, INC., INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Huntington Beach, Orange County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a company with its headquarters in Tampa, Florida.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Beginning in or around February of 2011, Defendant has been placing collection calls to Plaintiff in attempt to collect an allege debt owed to Macy's.

12. Defendant places collection calls to Plaintiff's work issued cell phone.

13. In or around February of 2011, Plaintiff told Defendant that she cannot receive personal calls on that phone number.

14. On approximately two separate occasions, Plaintiff told Defendant to stop calling her work phone number.

15. Plaintiff told Defendant that if it continued to call her work phone number, her job could be in jeopardy.

16. Despite the aforementioned, Defendant continued to place collection calls to Plaintiff on her work phone number up to three (3) times in one day.

17. Defendant also places collection calls to Plaintiff's personal cell phone.

18. Defendant told Plaintiff that if it does not like a consumer, it raises the [settlement] amount.

19. Defendant refused to inform Plaintiff of the original amount of the debt before late charges, despite her explicit request of such information.

20. Defendant represented to Plaintiff that if she did not take care of the account with them, the result would be a lawsuit.

- 3 -

PLAINTIFF'S COMPLAINT

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:
    a. Defendant violated §1692c(a)(1) of the FDCPA by communicating Plaintiff at a time or place known or which should be known to be inconvenient to Plaintiff.
    b. Defendant violated §1692c(a)(3) of the FDCPA by communicating with Plaintiff on her work phone despite being told that Plaintiff cannot receive personal calls at the phone number, and that the calls were putting her job in jeopardy.
    c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.
    d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.
    e. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt.
    f. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

WHEREFORE, Plaintiff, DAWN RETZLAFF requests that judgment be entered against Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., for the following:

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*.

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

25. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

26. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

   b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

   c. Defendant violated the *§1788.13* of the RFDCPA by falsely representing that a legal proceeding will be instituted unless payment of the debt is made.

d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, DAWN RETZLAFF requests that judgment be entered against Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., for the following:

27. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

29. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

DATED: August 25, 2011    By: _____

Mahadhi Corzano
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

APR-04-2011 07:55  FROM  LASD HOMICIDE BUREAU        TO  18665833695        P.01/01

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DAWN RETZLAFF, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAWN RETZLAFF, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4-1-11

_____
DAWN RETZLAFF

TOTAL P.01